# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CASE NO. 5:23-cv-00127

KILLIAN CONSTRUCTION CO.,
a Missouri company,

      Plaintiff,

v.

PIER PARK RESORT HOTEL, LLC,
a Delaware limited liability corporation.

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, KILLIAN CONSTRUCTION CO. ("**Killian**"), files this Complaint and hereby brings this action for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment against Defendant, PIER PARK RESORT HOTEL, LLC ("**Owner**"), and alleges:

### **Parties, Jurisdiction, and Venue**

1. This is an action for damages exceeding $75,000, exclusive of interest, costs, and attorneys' fees, and claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment that arise from property located in and services performed in Bay County, Florida.

2. The property subject to this litigation is Bay County Parcel ID # 33751-000-000 (the "**Site**"), located on Front Beach Road in Panama City Beach, Bay County, Florida 32413, and

is known as the "Panama City Beach Embassy Suites," a hotel development in the Pier Park area of Panama City Beach.

3.  Killian is a Missouri corporation with its principal place of business located at 2664 East Kearney Street, Springfield, Missouri 65803.

4.  Owner is a Delaware limited liability company.

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of attorneys' fees, interest and costs, and the parties are of diverse citizenship.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the causes of action accrued in Bay County and the real property subject to this litigation is located in Bay County.

7.  Venue is also proper in this Court because the contract at issue contains a forum selection clause stating that the sole and exclusive venue of all such litigation arising from or related to the contract shall be in any state or federal court in Bay County, Florida.

### General Background

8.  Killian and Owner (collectively "**Parties**") entered into a construction agreement (the "**Contract**"), dated December 21, 2020, for the construction of the hotel known as Panama City Beach Embassy Suites, located on the Site (the "**Project**").

9.  At all times material hereto, Owner was the owner of the Site, the real property upon which the Project is located. The legal description of the Site is attached as *Exhibit A* to the Contract.

10. The Project consists of approximately 255 hotel rooms and also includes a swimming pool, fitness center, restaurant, event spaces, certain commercial space, and other shared amenity spaces.

11. The Certificate of Occupancy was issued for the Project in on March 2, 2023, and Owner took possession of the Project.

12. Owner has full use of the Project and enjoys accepting hundreds of paying guests at the Project.

13. Yet, Owner refuses to pay Killian the amounts it is due for constructing and delivering the successful Project to Owner.

14. During the course of construction, Owner had continuously delayed payment to Killian.

15. For example, Owner was notified in June 2022 that Owner's continued material breach of the Contract, namely its slow-pay tactics for the Project, were hindering the continued progress of the work.

16. In fact, Killian was forced to file a lien due to the Owner's breach and lack of payment.

17. Owner then paid the full amount of the lien within two days - evidencing the Owner's purposeful and knowing refusal to timely pay Killian.

18. Killian calculates that Owner has been over 900 days late in making payments throughout the course of the Project.

19. One example of Owner's material breach is Owner's failure to pay Killian the undisputed amounts from its January 2023 pay application.

20.	Owner has also been in material breach of the Contract by its repeated failure to process and approve legitimate Change Order Requests.

21.	Owner has also materially breached the Contract by continuously interfering with Killian's management of the Project, and in particular, the intentional interference with the performance of the window and door installation subcontractor work.

22.	Owner's intentional interference specifically affected the performance of the window and door installation work to Killian's detriment.

23.	Owner also intentionally interfered with Killian's subcontractor and breached the Contract by directly paying a subcontractor unilaterally and without Killian's knowledge or consent.

24.	Owner had a duty to Killian not to interfere with its contractual privity with its subcontractors.

25.	Owner also has also materially breached the Contract by refusing to follow the punchlist processes set forth in the Contract. Specifically, the Contract requires punchlists to be prepared and inspections conducted on an area-by-area basis. *See* Contract at Section 8.11. However, after punchlists were prepared, distinct areas and floors were fully inspected, and their corresponding punchlist items were closed out by Owner, Owner has wrongly tried to add or reopen items and areas that were already accepted.

26.	In short, Owner abused the punchlist process by continuously adding new items to the punchlists that newly appears or were not Killian's responsibility so that Owner could continue to wrongly withhold payment and retainage from Killian.

27. Owner continued to require Killian's team to address these growing improper punchlist items, all while Owner held a Certificate of Occupancy for the Project and prepared to accept a lucrative wave of spring breakers to stay at the hotel.

28. Indeed, as Killian continued to assist the Owner with final details of the Project, at Owner's request and despite Owner's nonpayment, Owner slapped Killian with a termination notice.

29. Owner sent Killian an improper termination notice on May 4, 2023, more than a week after the Project had been open to the public.

30. Killian provided Owner construction services and fulfilled all of its obligations under the Contract.

31. There are outstanding payment applications on the Project that Owner has refused to properly process.

32. There are also outstanding Change Order Requests on the Project that Owner has refused to process or approve.

33. Killian made a demand upon Owner for final payment of the balance of the Contract and the outstanding change order requests, including retainage, impacts, acceleration, overtime, and compensable delay damages.

34. Despite Killian's demand, Owner failed to make all obligated payments to Killian for the amounts due and owed.

35. Instead, Owner asserted, for the first time, an unsubstantiated, retaliatory liquidated damage claim against Killian in excess of $2,000,000.00.

36. Owner asserted this liquidated damage claim even though Owner had its Certificate of Occupancy for the Project since March 2, 2023.

37. Then, Owner improperly terminated Killian in material breach of the Contract.

38. All conditions precedent to bringing this action have occurred or have been performed, or have been waived by Owner.

39. Killian has retained the undersigned attorneys in connection with this action and is obligated to pay reasonable attorneys' fees and costs, for which the Owner is liable.

### COUNT I – BREACH OF CONTRACT

40. Killian incorporates paragraphs one (1) through thirty-nine (39), as if fully set forth herein.

41. This is a cause of action for breach of the Contract against Owner in excess of $75,000, exclusive of attorney's fees, interest, and costs.

42. Killian entered into the Contract with Owner to serve as the Contractor for the Project. *See* Ex. 1.

43. The Contract was a valid and binding contract between Killian and Owner and Killian performed all of its obligations under the Contract.

44. Owner first materially breached the Contract by, among other things, failing to timely process and pay Killian for its work performed on the Project, materially interfering with Killian's subcontractors to Killian's detriment, abusing and failing to abide by the punchlist processes, breaching the trust and confidence it owed to Killian, and not processing Killian's Change Order Requests for the Project.

45. Owner also materially breached the Contract by improperly and prematurely terminating Killian.

46. As a direct and proximate cause of the Owner's material breaches of the Contract, Killian has suffered damages in excess of $75,000.00, including but not limited to, unpaid Contract balance, amounts for additional work, costs, attorneys' fees, and interest.

### COUNT II – BREACH OF GOOD FAITH & FAIR DEALING

47. Killian incorporates paragraphs one (1) through thirty-nine (39), as if fully set forth herein.

48. This is an action by Killian for breach of the duty and covenant of good faith and fair dealing against Owner seeking in excess of $75,000.00, exclusive of attorneys' fees, interest, and costs.

49. As a result of the contractual relationships between Killian and Owner, Owner owed Killian a duty of good faith and fair dealing in the performance and enforcement of the Contract and the working relationship between the parties.

50. This implied duty and covenant of good faith and fair dealing requires the Owner to refrain from taking any action which interferes with, injures or otherwise deprives Killian of the rights or benefits it is entitled to receive under the Contract and the Loan Contract Modification.

51. Owner, through conscious and deliberate acts, failed or refused to perform its obligations and responsibilities under the Contract, which unfairly frustrates the purpose of the Contract and disappoints Killian's expectations under the Contract.

52. Owner's actions, including, but not limited to, continuing to withhold amounts properly due and owing to Killian, failing to timely process Change Order Requests, and interfering with Killian's subcontractors constitute a breach of the implied covenant of good faith and fair dealing within the Parties' Contract, which wholly deprives Killian of the rights and benefits it is entitled to receive under the Contract and Florida lien law.

53. Owner committed these acts willfully, recklessly, and with the express intent to result in an unjust benefit to Owner and to the detriment and damage of Killian.

54. As a result of the Owner's breach of the implied covenant of good faith and fair dealing, Killian has been damaged in the form of unpaid amounts for services performed on the Project which Killian would have otherwise received under the Contract.

## COUNT III – UNJUST ENRICHMENT

55. Killian reincorporates and realleges paragraphs one (1) through thirty-nine (39), as if fully set forth herein.

56. This is an alternative action by Killian for unjust enrichment against Owner seeking in excess of $75,000.00, exclusive of attorneys' fees, interest and costs.

57. At all times relevant to this action, Owner has owned and monetarily benefited from the Project and the Site.

58. Since commencing its work, Killian has acted as the Contractor for the Project and performed various construction services to the benefit of the Project and the Owner.

59. Since commencing work on the Project, Killian has also incurred costs and expenses to the benefit of the Project and the Owner.

60. However, Killian has not received compensation or other benefit for the construction services performed for the Project or reimbursement for the improvement costs and expenses incurred.

61. Owner, who owns and monetarily benefits from the Project, has failed and refused to compensate Killian for all of the construction services Killian has performed as the Contractor for the Project or reimbursement for the improvement costs and expenses Killian incurred to the benefit of the Project and Owner.

62. As a result of Owner's failure and refusal to compensate Killian for its construction services and expenses, Killian has conferred a benefit in an amount in excess of $75,000.00 on Owner, as the owner of the Project, who has knowledge thereof.

63. These circumstances render Owner's retention of these amounts inequitable unless Owner pays Killian the full value of its construction services and expenses.

64. As a result of Owner's unjust enrichment, Killian is entitled to damages, including payment of Killian's construction services performed as the Contractor for the Project and amounts expended by Killian for the improvement expenses to the benefit of the Project and the Owner.

**WHEREFORE**, Plaintiff, KILLIAN CONSTRUCTION, CO., respectfully requests this Honorable Court enter judgment against Defendant, PIER PARK RESORT HOTEL, LLC, as follows:

A. in favor of Killian and against Owner for all damages resulting from and related to Owner's breach of contract, including attorneys' fees, costs and interest;

B. in favor of Killian and against Owner for all damages resulting from and related to Owner's breach of the implied duty and covenant of good faith and fair dealing, including costs and interest;

C. in favor of Killian and against Owner for all damages resulting from and related to Owner's unjust enrichment relative to the Project, including, without limitation, the construction services rendered by Killian to the benefit of the Project and the Owner as well as the amounts expended by Killian for the improvement expenses to the benefit of the Project and the Owner, and including costs and interest, and grant Killian any such further relief as this Court deems just and proper; and,

D. granting Killian any such further relief as this Court deems just and proper.

**NELSON MULLINS**

*/s/ Jeremy T. Springhart, Esq.*
JEREMY T. SPRINGHART, ESQ.
Florida Bar. Number: 0506052
Jeremy.springhart@nelsonmullins.com
LACEY DELORI CORONA
Florida Bar Number: 0066454
lacey.corona@nelsonmullins.com
390 North Orange Avenue, Suite 1400
Orlando, Florida 32801
Telephone: (407) 669-4200
Nancy.Haarmann@nelsonmullins.com
Vicki.mattison@nelsonmullins.com
Erica.dixon@nelsonmullins.com
*Attorneys for Plaintiff*
*Killian Construction Co.*